**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-60-RJC**

| | |
|---|---|
| RYAN SCOTT SAUNDERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN CROW, SORRELL ) <br> SAUNDERS, NC DEPARTMENT ) <br> OF CORRECTIONS, Medical ) <br> Department, ) <br> ) <br> Defendants. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on its own motion.

While a prisoner of the State of North Carolina, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983. In the complaint, Plaintiff alleged that he was receiving inadequate medical treatment. Following an initial review pursuant 28 U.S.C. § 1915A(a), the Court found that Plaintiff had stated a colorable claim and ordered the clerk to issue service of process. The U.S. Marshals Service served each of the defendants and they filed a joint answer and raised, among other defenses that Plaintiff failed to state a claim for relief.

According to the website of the North Carolina Department of Public Safety, Plaintiff has been released from custody however he has not provided this Court with a current address following his release. Before the Court proceeds to enter a Pretrial Order and Case Management Plan, and consume further judicial resources and the resources of counsel for the defendants, the Court will order Plaintiff to provide the Clerk's Office with a current address such that this case may proceed.

1

Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with a current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Federal Rule of Civil Procedure 41(b) provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The Clerk will be directed to send a copy of this Order to the last known address which is on file with the Court. Plaintiff is directed to send a copy of his present address within 14 days from entry of this Order and he is warned that failure to do so will result in dismissal of this civil action and without further notice.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk shall send a copy of this Order to Plaintiff's last known address.

2. Plaintiff shall provide his new address to the Clerk's Office within 14-days from entry of this Order.

3. Failure to provide a current address within 14-days from entry of this Order will result in dismissal of this civil action and without further notice.

**IT IS SO ORDERED.**

Signed: November 24, 2014

Robert J. Conrad, Jr.
United States District Judge