# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:12-cv-60-RJC

| | |
|---|---|
| RYAN SCOTT SAUNDERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN CROW, SORRELL )<br>SAUNDERS, NC DEPARTMENT )<br>OF CORRECTIONS, Medical )<br>Department, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on its own motion.

While a prisoner of the State of North Carolina, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983. In the complaint, Plaintiff alleged that he was receiving inadequate medical treatment. Following an initial review pursuant 28 U.S.C. § 1915A(a), the Court found that Plaintiff had stated a colorable claim and ordered the clerk to issue service of process. The U.S. Marshals Service served each of the defendants and they filed a joint answer and raised, among other defenses that Plaintiff failed to state a claim for relief.

According to the website of the North Carolina Department of Public Safety, Plaintiff has been released from custody, however he has not provided this Court with a current address following his release. Before the Court proceeds to enter a Pretrial Order and Case Management Plan, and consume further judicial resources and the resources of counsel for the defendants, the Court will order Plaintiff to provide the Clerk's Office with a current address such that this case may proceed.

1

As the Court explained in an Order entered on November 24, 2014, Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with a current address. (5:12-cv-60-RJC, Doc. No. 19). See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Federal Rule of Civil Procedure 41(b) provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

The Clerk mailed a copy of the Court's November 24th Order to Plaintiff at his last known address, and Plaintiff was informed that he had up to and including December 11, 2014, in order inform the Court of his new address, and he was further notified that his case would be dismissed without further notice if he failed to comply. This deadline has now passed and Plaintiff has filed no such notice, therefore Plaintiff's complaint will be dismissed for failure to prosecute.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to prosecute.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: December 18, 2014

Robert J. Conrad, Jr.
United States District Judge