IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-00060-RJC

| | |
|---|---|
| RYAN SCOTT SAUNDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN CROW; ) | **ORDER** |
| SORRELL SAUNDERS; ) | |
| NORTH CAROLINA ) | |
| DEP'T OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's motion for reconsideration of the order dismissing his § 1983 complaint. (Doc. No. 22).

While a prisoner of the State of North Carolina, Plaintiff filed a *pro se* complaint alleging that he was receiving inadequate medical treatment. Plaintiff was later released from custody and during a periodic review of the Docket, the Court noted that Plaintiff had failed to provide a new mailing address following his release. The Court entered an order requiring Plaintiff to provide the Clerk's Office with a current address and the order was mailed to his last known address and Plaintiff was warned that failure to comply with the order would result in dismissal for failure to prosecute. (Id., Doc. No. 19: Order). Plaintiff failed to comply with the order to update his address within the allotted time and his complaint was dismissed for failure to prosecute and the case was closed and judgment entered. (Id., Doc. No. 20).

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a

1

Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In Plaintiff's complaint, he alleged that he injured two of his fingers and suffered a missing filling from a tooth while a prisoner of the State of North Carolina. (Id., Doc. No. 1: Compl. at 2). Plaintiff named as defendants John Crow, whom he identified as superintendent of Lincoln Correctional Institution and Sorrel Saunders, whom he identified as superintendent of Scotland Correctional Institution. Plaintiff alleges that after he sustained his injuries at Scotland Correctional his family emailed James Frye, who is identified by Plaintiff as a program manager within that prison, to inform them about Plaintiff's injuries and his desire for medical treatment. Plaintiff contends that after this email was sent, he was quickly transferred to Dan River Correctional and then to Lincoln Correctional. (Id. at 3-4).

Other than to blankly state that Defendant Crow was made "aware" of his need for medical treatment, Plaintiff fails to include any additional allegations regarding Crow's personal

awareness of his medical needs. (Id. at 4). As for Defendant Saunders, the complaint is simply silent as to whether he was ever informed about Plaintiff's alleged injuries although Plaintiff does attach an apparent letter that is addressed generically "To Whom it May Concern" in which Plaintiff alleges that Defendant Saunders conducted an investigation. (Id., Doc. No. 1-1 at 1).

According to Plaintiff, both Crow and Saunders were superintendents and they were therefore supervisors within the prisons. Plaintiff's complaint depends on a theory of liability based on the doctrine of *respondeat superior* and his claims must fail as there are no reasonable allegations that either Crow or Saunders were personally aware that he desired medical treatment or that they failed to properly supervise the medical workers within the prison. See Monell v. Dep't of Soc. Svcs., 436 U.S. 658, 694 n.58 (1978). Based on the foregoing, the complaint against Defendants Crow and Saunders will be dismissed for failure to state a claim.

Plaintiff's complaint against the Defendant North Carolina Department of Corrections must also fail. First, there are no allegations against this defendant in the complaint and moreover, the defendant is not a person amenable to suit under § 1983. Secondly, sovereign immunity of the State of North Carolina and the Eleventh Amendment to the U.S. Constitution provide state agencies with immunity from a suit for damages and by suing an agency of the State, Plaintiff has effectively sued the State of North Carolina. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Ballenger v. Owens, 352 F.3d 842, 844 (4th Cir. 2003). The complaint against this defendant will be dismissed.

Finally, Plaintiff filed a verified statement, under penalty of perjury, which avers that his injuries arose at Scotland Correctional and explains that he did not exhaust his administrative remedies because he was transferred. (Id., Doc. No. 3: Prisoner Administrative Remedy

3

Statement). The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In the present case, by Plaintiff's sworn admission, he never filed a grievance while at Scotland Correctional and a transfer to a new prison does not preclude, nor does it excuse, Plaintiff from his obligation to comply with the State's mandatory grievance procedure.

Based on the foregoing, the Court finds that Plaintiff's motion to reconsider should be denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 22).

Signed: August 31, 2015

Robert J. Conrad, Jr.
United States District Judge